


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MARYANN MALTESE,

        Plaintiff,                       **MEMORANDUM & ORDER**

        v.                                     23-CV-4566 (RPK) (LB)

KEITH BROWN, *New York State Assemblyman*,

        Defendant.
-------------------------------------------------------------x
MARYANN MALTESE,

        Plaintiff,

        v.                                     23-CV-4940 (RPK) (LB)

ERIC ADAMS, *New York City Mayor*;
NYC OFFICE OF LABOR COUNSEL;
RENEE CAMPIONE, *Commissioner of NYC
Office of Labor Counsel*,

        Defendants.
-------------------------------------------------------------x
MARYANN MALTESE,

        Plaintiff,

        v.                                     23-CV-6204 (RPK) (LB)

GOVERNOR OF NEW YORK STATE;
KEITH BROWN, *New York State Assemblyman*;
MARIO MATTERA, *New York State Senator*,

        Defendants.
-------------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

    *Pro se* plaintiff filed these three actions alleging, *inter alia*, that she is owed pension benefits by New York State, that she is owed reimbursements for losses to a New York City retirement account, and that she is the victim of an election-law violation. Defendants in each action move to dismiss the complaints for lack of jurisdiction and failure to state a claim. For the reasons set forth below, the motions to dismiss are granted.

**BACKGROUND**

**I.   Factual Allegations**

The operative complaint in each of these three actions consists of hand-written answers to questions in a form complaint, along with attached exhibits. The factual allegations in plaintiff's complaints are assumed true for the purposes of this order.

In the first action, No. 23-CV-4566 ("*Maltese I*"), plaintiff asserts claims against New York State Assemblyman Keith Brown.[1] According to the complaint, plaintiff was employed by the New York State Legislature from 1992 to 2013. *Maltese I*, Compl. 5 (Dkt. #1).[2] Plaintiff appears to allege "employer negligence[] for no[t] issu[ing] [her a] pension." *Ibid.* For relief, plaintiff seeks 31 years of "retroactive corrective earnings with tort interest," the award of a J.D. and/or master's degree, and $30,000 in legal fees. *Id.* at 6. Hundreds of pages of exhibits are attached to the complaint, including, *inter alia*, newspaper articles with handwritten annotations, e-mail correspondence, and documents from various state-court proceedings.

In the second action, No. 23-CV-4940 ("*Maltese II*"), plaintiff asserts claims against New York City Mayor Eric Adams, the New York City Office of Labor Counsel ("OLC"), and OLC Commissioner Renee Campione. Plaintiff appears to allege that between January and March 2020, a New York City Deferred Compensation Plan retirement account that she inherited from her former spouse suffered $40,000 in losses due to a "portal crash[]." *Maltese II*, Compl. 4 (Dkt. #1). Plaintiff seeks "$40,000 losses, plus judicial fees . . . [and] interest penalties for 3 years of non-accountability." *Id.* at 5. Hundreds of pages of exhibits are attached to the complaint, including,

---

[1] Plaintiff also asserted claims against Ken Morgulles, Brian Shenker, and Jeff and James Izzo, but the Court previously dismissed her claims against those defendants for failure to serve. *See Maltese I*, Aug. 13, 2024 Order Dismissing Parties.

[2] Citations to the complaints follow the ECF pagination. All other citations to documents in the record follow internal pagination, unless otherwise noted.

2

*inter alia*, e-mail correspondence, documents from various state-court proceedings, and scanned excerpts from former Governor Andrew Cuomo's memoir.

In the third action, No. 23-CV-6204 ("*Maltese III*"), plaintiff asserts claims against the Governor of New York State, New York State Assemblyman Keith Brown, and New York State Senator Mario Mattera.[3] Plaintiff alleges that she was "intentional[ly] den[ied]" "access to the judiciary, election ballot" in the "special election 2020" on account of "gender bias in [the] judiciary . . . by Suffolk County." *Maltese III*, Compl. 4 (Dkt. #1). She claims this was a "conspiracy" by Assemblyman Brown and the "defunct" New York State Independence Party. *Ibid.* Plaintiff further alleges that she was "den[ied] . . . [the] same right to a hearing" that was afforded to "male non-incumbents," which "is [a] violation of affirmative action." *Id.* at 5. Plaintiff does not clearly specify the relief she is seeking. Plaintiff attaches various newspaper articles, e-mails, state-court filings, and other documents as exhibits.

## II. Motions to Dismiss

The Office of the New York State Attorney General responded on behalf of Assemblyman Brown in *Maltese I* and the Governor, Assemblyman Brown, and Senator Mattera in *Maltese III* (collectively, "the State defendants"). The State defendants move to dismiss plaintiff's complaints in *Maltese I* and *Maltese III* under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the claims against them are barred by the Eleventh Amendment, that the claims against Assemblyman Brown and Senator Mattera are barred by absolute legislative immunity, and that plaintiff has not suffered a plausible injury or stated a cause of action. *See Maltese I*, Mem. of L. in Supp. of State Defs.' Mot. to Dismiss ("Mot. to Dismiss") (Dkt. #33-5); *Maltese III*, Mem. of L. in Supp. of State Defs.' Mot. to Dismiss ("Mot. to Dismiss") (Dkt. #7-5).

---

[3] Plaintiff also asserted claims against the New York State Board of Elections, but the Court previously dismissed those claims for lack of jurisdiction. *See Maltese III*, Dec. 12, 2023 Order Dismissing Party.

The State defendants also note that plaintiff has filed numerous cases in state court "related to her claim that she is being illegally singled out because no legislator would sponsor a bill, specific to her alone, granting her pension credit for years in which she did not work," *Maltese I*, Mot. to Dismiss 2 (collecting cases), as well as cases alleging "some type of government conspiracy against her preventing her from obtaining an underserved pension, winning an election and/or gender discrimination," *id.* at 3 (collecting cases). As a result of plaintiff's frequent frivolous filings, a filing injunction was entered against her in state court. *See Maltese I*, Defs.' Reply (Dkt. #37).

In *Maltese II*, Corporation Counsel of the City of New York responded on behalf of Mayor Adams, the OLC, and OLC Commissioner Campione (collectively, "the City defendants"). The City defendants move to dismiss plaintiff's complaint in *Maltese II* under Rules 12(b)(1) and 12(b)(6), arguing that plaintiff's claims are barred by *res judicata* and collateral estoppel, that the Court lacks subject-matter jurisdiction over plaintiff's claims, and that plaintiff's claims should have been brought as an Article 78 proceeding in New York state court. *See Maltese II*, Mem. of L. in Supp. of City Defs.' Mot. to Dismiss ("Mot. to Dismiss") (Dkt. #14-7).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for "lack of subject-matter jurisdiction." "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Lyons v. Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). When considering a motion to dismiss under Rule 12(b)(1), a court takes as true the factual allegations in the complaint but does not draw inferences favorable to the party asserting jurisdiction. *See J.S. ex rel. N.S. v.*

*Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).  The court may also look beyond the complaint to such things as affidavits or other documents.  *See Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted."  To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The facial "plausibility standard is not akin to a probability requirement," but it requires a plaintiff to allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ibid.* (citing *Twombly*, 550 U.S. at 556–57) (quotation marks omitted).  In contrast, a complaint fails to state a plausible claim when, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or when, as a matter of fact, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," *Iqbal*, 556 U.S. at 679.  Though the court must accept all facts alleged in the complaint as true, it need not adopt "[t]hreadbare recitals of the elements of a cause of action" that are "supported by mere conclusory statements."  *Iqbal*, 556 U.S. at 678.

When a plaintiff proceeds *pro se*, her complaint must be "liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and quotation marks omitted).  *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  Moreover, "the policy requiring courts to liberally construe *pro se* complaints 'does not mandate that a court sustain every pro se

complaint even if it is incoherent, rambling, and unreadable.'" *Avramham v. New York*, No. 20-CV-4441 (LLS), 2020 WL 4001628, at *2 (S.D.N.Y. July 15, 2020) (citation omitted).

## DISCUSSION

The State defendants' motions to dismiss in *Maltese I* and *Maltese III* and the City defendants' motion to dismiss in *Maltese II* are granted. Leave to amend is denied because amendment would be futile.

### I. Plaintiff's complaints in *Maltese I* and *Maltese III* are dismissed.

The State defendants' motions to dismiss the complaints in *Maltese I* and *Maltese III* are granted. Because plaintiff does not specify in what capacity the State defendants are being sued, the complaints are liberally construed as asserting claims against defendants in both their official and individual capacities. *See Murray v. Dabo*, No. 22-CV-4026 (VEC) (GS), 2024 WL 1421119, at *5 n.6 (S.D.N.Y. Feb. 2, 2024) (collecting cases), *report and recommendation adopted*, 2024 WL 964599 (S.D.N.Y. Mar. 5, 2024). Sovereign immunity bars any claims against the State defendants in their official capacities. To the extent plaintiff sues the State defendants in their individual capacities, those claims are dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

#### A. Sovereign immunity bars any claims against the State defendants in their official capacities.

As a general matter, states may not be sued in federal court by private parties "unless they have waived their Eleventh Amendment immunity" or unless Congress has abrogated it. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (citation and quotation marks omitted); *see Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253–54 (2011). Sovereign immunity extends to "actions for the recovery of money from the state" against "state agents." *Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 134 (2d Cir. 2015) (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S.

6

425, 429 (1997); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)).  A lawsuit brought against officials of a government entity in their official capacities is "in all respects other than name, to be treated as a suit against the entity."  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001).  When a plaintiff asserts claims for prospective injunctive relief against state agents in their official capacity, a limited exception to Eleventh Amendment sovereign immunity exists under the doctrine of *Ex parte Young*.  That doctrine allows a plaintiff to "avoid the Eleventh Amendment bar to suit and proceed against individual state officers . . . in their official capacities, provided that [the] complaint (a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective."  *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (citations and quotation marks omitted).

In *Maltese I*, plaintiff brings claims against Assemblyman Brown seeking 31 years of "retroactive corrective earnings with tort interest," the award of a J.D. and/or master's degree, and $30,000 in legal fees.  *Maltese I*, Compl. 6.  Sovereign immunity bars plaintiff's claims against Assemblyman Brown in his official capacity "for the recovery of money from the state."  *Leitner*, 779 F.3d at 134.  To the extent plaintiff seeks injunctive relief for retrospective payments of money, such claims are equally barred by sovereign immunity because they "in form or substance, seek compensatory damages (rather than prospective . . . relief) which will be paid with funds from the state treasury (rather than from the pockets of individual officials)."  *Sanders v. Parker*, No. 22-CV-5141 (PKC) (JRC), 2023 WL 4902496, at *5 (E.D.N.Y. Aug. 1, 2023) (citation and quotation marks omitted).  Sovereign immunity also bars any claim against Assemblyman Brown in his official capacity seeking the award of a J.D. and/or master's degree, because plaintiff has not alleged any facts to suggest that the *Ex parte Young* exception would apply.  The "Eleventh Amendment prevents federal courts from providing any relief that is not the type of remedy

7

designed to prevent ongoing violations of federal law," *KM Enters., Inc. v. McDonald*, 518 F. App'x 12, 14 n.1 (2d Cir. 2013) (citation and quotation marks omitted), and plaintiff has failed to allege how awarding her an academic degree is a remedy designed to prevent any alleged ongoing violation of federal law.

Sovereign immunity likewise bars plaintiff's claims in *Maltese III* against Assemblyman Brown, Senator Mattera, and the Governor in their official capacities. Though it is unclear what relief plaintiff seeks in that action, *see Maltese III*, Compl. 6, any damages claims would be barred by sovereign immunity, *see Leitner*, 779 F.3d at 134, and there is no indication that plaintiff seeks the sort of prospective injunctive relief permitted under *Ex parte Young*.

**B. Plaintiff's claims against the State defendants in their individual capacities are dismissed for failure to state a claim.**

Sovereign immunity is not a bar to suits for money damages against state officials in their individual capacities, *see Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994), but plaintiff has not stated a claim against the State defendants in their individual capacities upon which relief could be granted.

In *Maltese I*, plaintiff appears to claim that she is owed a pension as a result of employment with the New York State Legislature from 1992 to 2013. *See Maltese I*, Compl. 4–5. Though Assemblyman Brown's connection to the alleged denial of plaintiff's pension is unclear, plaintiff appears to be faulting Assemblyman Brown for not introducing legislation to grant her specific pension rights, and for failing to personally meet with plaintiff to discuss such legislation. *See, e.g.*, *id.* at 47, 53, 93. Plaintiff has not provided any persuasive reason why Assemblyman Brown's failure to sponsor legislation or meet with plaintiff would give rise to a legal cause of action, and the Court is aware of none.

The complaint in *Maltese III*, similarly difficult to parse, appears to allege that plaintiff was the victim of an "election law" violation and related "discrimination" and "gender bias." *Maltese III*, Compl. 4–5.  Specifically, plaintiff claims that she was "intentional[ly] den[ied]" "access to the judiciary, election ballot" in the "special election 2020" on account of "gender bias in [the] judiciary . . . by Suffolk County," *id.* at 4, and that she was "den[ied] . . . [the] same right to a hearing" that was afforded to "male non-incumbents," which "is [a] violation of affirmative action," *id.* at 5.  Plaintiff claims this was a "conspiracy" by Assemblyman Brown and the "defunct" New York State Independence Party. *Id.* at 4.  These allegations are insufficient to state a claim against the State defendants.  Even assuming *arguendo* that plaintiff alleged that she suffered some deprivation of her right to vote or stand for office, or that she suffered unlawful gender discrimination, plaintiff has failed to allege sufficient facts to support a claim against Assemblyman Brown, Senator Mattera, or the Governor in particular.  While plaintiff alleges that Assemblyman Brown participated in a conspiracy against her, even in *pro se* cases "[i]t is well settled that claims of conspiracy containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *DuBois v. Bedford-Flatbush Chiropractic, P.C.*, 409 F. Supp. 3d 62, 67 (E.D.N.Y. 2019) (quoting *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011)).  Moreover, it is entirely unclear how plaintiff's claims pertain to the other State defendants.  The allegations do not seem to implicate Senator Mattera at all, and plaintiff only mentions the Governor in passing in raising a seemingly unrelated grievance that in 2020 the Governor "did not modify EO [202] to acknowledge . . . health care pandemic contagious pathogen." *Maltese III*, Compl. 6.

Thus, in *Maltese I* and *Maltese III*, plaintiff fails to state a claim against the State defendants in their individual capacities upon which relief can be granted.

## II. Plaintiff's complaint in *Maltese II* is dismissed.

The City defendants' motion to dismiss in *Maltese II* is also granted. A federal court must have subject-matter jurisdiction to decide a case. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Federal jurisdiction only exists when there is "diversity of citizenship" and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332, or when a "federal question" is presented, *see id.* § 1331.

In *Maltese II*, neither basis for federal jurisdiction is present. As a threshold matter, the complaint fails to allege diversity jurisdiction because all parties are citizens of New York. *See Maltese II*, Compl. 3. In the form complaint's jurisdiction section, plaintiff asserts federal question jurisdiction as the basis for jurisdiction, *ibid.*, but the allegations—which center on investment losses plaintiff allegedly incurred in a New York City Deferred Compensation Plan retirement account—fail to present a federal question. Plaintiff appears to claim there is a federal question because the deferred compensation plan account was formed pursuant to section 457 of the Internal Revenue Code ("IRC"), 26 U.S.C. § 457. *See id.* at 3, 118–19, 121–52. But even assuming plaintiff is asserting a violation of section 457, which is not apparent, "there is no private right of action to enforce violations of the IRC," *Reynolds v. de Silva*, No. 9-CV-9218 (CM), 2010 WL 743510, at *7 (S.D.N.Y. Feb. 24, 2010) (collecting cases). Plaintiff also references "COVID-19 federal . . . emergency rules," *Maltese II*, Compl. 3, but does not explain which emergency rules she intends to invoke or how they would provide a cause of action to recover losses related to a retirement account from the City defendants. Finally, although plaintiff alleges in passing that the New York Supreme Court "is discriminatory against women . . . owners of deferred" compensation plan accounts, *id.* at 5, the complaint does not contain any specific factual allegations supporting an inference of discrimination and therefore does not present a question of federal antidiscrimination law. *See George v. JP Morgan Chase Manhattan Bank*, 222 F. App'x

84, 85 (2d Cir. 2007) (concluding that a *pro se* plaintiff "did not demonstrate that his claims raised a 'federal question' because, although his complaint referred to discrimination based on race, it did not contain any specific allegations of fact that supported an inference of discrimination").

Accordingly, the Court lacks jurisdiction over plaintiff's claims in *Maltese II*, and the complaint in that action is dismissed for lack of subject-matter jurisdiction. Further, plaintiff's pending motion for return of property, which appears to seek the same relief as the complaint, *see* Not. of Mot. for Return of Property 2 (Dkt. #19) (moving for "NYC Defendants to return property of plaintiff $40,000 plus legal fees"), is denied as moot.

### III. Leave to amend is denied.

A *pro se* plaintiff should generally be granted leave to amend a complaint at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted). However, "leave to amend need not be granted when amendment would be futile." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016). Here, a liberal reading of plaintiff's complaints does not give any indication that a valid claim might be stated. Moreover, plaintiff has a history of filing frivolous lawsuits. *See Maltese I*, Mot. to Dismiss 2–3 (collecting cases); *Maltese I*, Defs.' Reply (advising the Court of a filing injunction against plaintiff in state court). "In light of [plaintiff's] unintelligible Complaint[s], along with [her] history of incoherent and frivolous filings, granting leave to amend would [be] futile." *Owens v. Shields*, 34 F. App'x 33, 35 (2d Cir. 2002). Therefore, notwithstanding plaintiff's *pro se* status, plaintiff's complaints are dismissed without leave to amend.

## CONCLUSION

Defendants' motions to dismiss in *Maltese I*, *Maltese II*, and *Maltese III*, Nos. 23-CV-4566, 23-CV-4940, and 23-CV-6204, are granted. The complaints in *Maltese I* and *Maltese III*, Nos.

11

23-CV-4566 and 23-CV-6204, liberally construed to assert claims against defendants in their individual capacities, are dismissed with prejudice and without leave to amend because they fail to state a claim upon which relief may be granted. The complaint in *Maltese II*, No. 23-CV-4940, is dismissed without prejudice and without leave to amend for lack of subject-matter jurisdiction, and plaintiff's pending motion for return of property in that action is denied as moot. The Clerk of Court is respectfully directed to enter judgment in *Maltese I* and *Maltese III*, to close all three cases, and to mail a copy of this order to plaintiff. Although plaintiff paid the filing fees to commence these actions, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                */s/ Rachel Kovner*
                RACHEL P. KOVNER
                United States District Judge

Dated: August 19, 2024
    Brooklyn, New York